## GRIEVE and MOFFAT *against* ANNIN and HENRY.

Where the condition of a bond is to pay a certain sum of money in articles of merchandise, on a certain day, under a plea of payment at the day, a tender and refusal cannot be proved; nor will the defendant be permitted to avail himself, in mitigation of damages, of the circumstance, that the current price of the article agreed to be paid, was, at the time when the payment was to have been made, lower than the price fixed in the bond.

This was an action of debt on a bond. The defendants had bound themselves under a penalty, to pay the sum of £391 5s. in good merchantable leather, at Albany, on the 15th October, 1796 : the price of the sole leather was to be 2s. 6d. and the upper leather at 4s. 1d., three pounds of the former were to be furnished for one pound of the other.

· The defendants pleaded—1. *Non est factum.* 2. Performance.

·At the trial of the cause, the defendants offered in evidence, under the plea of performance, that, at the time fixed in the bond for the performance of the condition, they had tendered the leather agreeably to the condition, but the plaintiffs refused to receive the same, alleging, that it was of an inferior quality.

They also offered to prove, that the price of the leather, as fixed in the condition, was higher than the market price at the time it was to be delivered ; and that, therefore, in estimating the damages sustained by the non-delivery, it

Grieve et al. *v.* Annin et al.

should be calculated on the amount of leather which it was agreed to furnish, rather than on the amount of money which was to be paid for it. By making the calculation in conformity with the rule suggested, a considerable abatement would be made from the £391 5s., the sum stated in the bond.

The evidence was overruled, and the question, as to its admissibility, was reserved for the opinion of the court before whom it was now argued.

*Williamson,* for the plaintiffs. The condition of this bond binds defendants to pay the sum of £391 5s. in good leather, at a certain time and place, at fixed prices, and in settled proportions. The defendants have pleaded *non est factum*· and performance. Under the plea of performance, they offer to prove, that a tender was made; a fact which is never admitted in evidence, unless it is pleaded, which contradicts the plea which is considered as covering it, because the fact of a tender admits a refusal, and shews there was no actual performance. An excuse for not performing, is certainly a different thing from an actual performance; the one negatives the other.

The doctrine of tenders is one of strict law, and in the pleading it is necessary to point out, and, of course in the tendry, to set out the particular articles whereby they can be known and distinguished from others: for if the tender be good, it is a bar to an action on the contract, and the articles vest in the person to whom they are tendered, they continue at his risk, and he ought to be able to identify them. 1 *Swift's Syst.* 404. This has not been done in the present case; no plea of tender has been made, and the evidence therefore is inadmissible.

2. Nor is the evidence of a difference in the price of the articles covenanted to be delivered, such testimony as can affect the nature of the undertaking. The rule of the law is, that if the value of any thing be expressly stipulated in

Grieve et al. *v.* Annin et al.

a contract, the value shall be intended as things are at the time when the contract takes effect. 1 *Powell on Contracts* 408. Money is the measure of value, (4 *Bur.* 2228) and the sum fixed upon is the amount of the debt; it is the sum fixed and agreed upon between the parties, and is therefore the proper quantum of damages. *Bur.* 2229; 1 *Fonbl. Tr. on Eq.* 142; *Small* v. *Lord Fitzwilliam's Prec. in Chan.* 102.

*A. Ogden,* contra. The first question is, whether the proof of a tender is admissible under a plea of performance. With regard to the plea of performance of covenants, the rule is, that wherever they are affirmative, a general plea of performance is an absolute bar to the action; where they are negative, it must be shewn how they were performed. *Esp.* 372. The covenant is here affirmative, to do a certain thing, and the plea is technically unobjectionable. What acts, then, were necessary on the part of the defendants? and, in what manner could the undertaking by them be fulfilled? Clearly, if they were prepared with the leather, if it was offered to the plaintiffs, and they have refused to accept the tender, without some legal reason, the covenants have been performed, and the right of action is extinguished. The price of leather had diminished in the market, and if the principles contended for by the plaintiffs are to be received in a court of justice, the most glaring injustice must result: the plaintiffs would never receive the article if the price had fallen; they would enforce the payment of it specifically if it had risen. All the risk of a change in the state of the market is thrown upon the defendants, who must lose under whatever circumstances may arise.

Supposing, however, that the facts which it is offered to prove do not amount to a bar of the action, they are clearly admissible in mitigation of damages. Wherever the non-payment of a debt has proceeded from the negligence of the

creditor, he forfeits his right to damages or interest; it is but a slight extension of the rule, to apply the same principle to a case of this description.

*Williamson*, in reply. The defence set up is founded upon two grounds, which are manifestly repugnant to each other.

1. It is contended, that the facts offered to be proved amount to an actual bar of our demand. We admit this to be so, and, upon this ground, object to its admission. If it amounts to a bar in itself, the rule of law requires that it should have been pleaded in a regular manner; or the plaintiffs apprized of the nature of the defence, that he might have been prepared with testimony to shew that no leather was in fact tendered, or to shew that it was of a kind not suitable for the plaintiffs' purposes, and not such as the defendants had stipulated to deliver. It not having been pleaded, and no notice having been given, the evidence is clearly inadmissible.

Nor is the ground upon which it is offered, in mitigation of damages, more substantial. If it can have any operation, it must be by shewing that the defendants have legally performed their covenants. We answer to this, it is a surprise. It cannot operate in any other manner, because evidence which shews that the plaintiffs have no legal ground of action, must be a bar or nothing. To offer it in mitigation of damages, or, in other words, to shew that we ought to recover no damages, is only a circuitous mode of attaining an end which the law will not permit directly.

KINSEY, C. J. This is an action of debt on a bond conditioned to pay £391 5s. in good leather, at Albany, on the 15th October, 1796, at fixed prices, and the different kinds in certain proportions. The defendants have pleaded payment.

Under this plea, they offered to prove—1. That at the day

stated in the condition of the bond, they actually tendered the leather which they had undertaken to furnish, at the time agreed upon, and that it was refused by the plaintiffs.

2. That the price fixed in the bond, as that at which the leather was to be received, exceeded the current market price at the time, and therefore the damages should be proportionably diminished.

The question, as to the admissibility of this evidence upon this state of the pleadings, seems to be incumbered with little difficulty. The rule of law is clear and explicit, that the evidence offered on the part of a defendant must always correspond with the defence stated in the pleadings. This rule is wholesome and necessary, and no circumstances of apparent hardship will, in any case, authorize a departure from its strict letter, or any abatement of its rigor. The plea, then, is payment at common law, as a performance, and consequently a discharge of the bond, an absolute bar to the action; tender can in no instance be so considered.* So far from being a bar to the action, or discharge of the debt, it is an express acknowledgment of a subsisting right to demand, and of an obligation to pay. It goes only in bar of damages subsequent to the refusal; it is pleaded with an *uncore prist*, and the money must be brought into court. It must be pleaded, and can in no instance be admitted in evidence under the general issue. It is an issuable fact, and the party against whom it is to operate ought always to have notice, that he may come prepared to controvert the fact. This evidence, then, was properly overruled.

As to the second point. There are two facts which appear distinctly in the case : first, that the defendants were indebted to the plaintiffs £391 5s.; second, that the plaintiffs agreed, in satisfaction of the debt, to receive a certain quantity of leather at a fixed price. The defend-

---

* See the case of *Alcorn* v. *Westbrook*, where it was held, that a tender on the one side, and a refusal to accept on the other, were, in point of law, equivalent to payment. 1 *Wils.* 116; *Phil. Ev.* 154.

ants, therefore, had their election on the day specified, to make a tender of the leather, agreeably to the terms of the contract. If it had borne a higher price, the plaintiffs, we think, would, under the circumstances, have been precluded from enforcing their claim for more than the amount of the money; if the market price was less, the right still existed for the money, if the leather was not paid. It may be, that the market price continued the same as at the time of making the contract; that the plaintiffs might have occasion for that quantity of leather at the time mentioned, and, in order to ensure its being there, might have found it advantageous to be satisfied with paying more than the current price of the article.

Be this, however, as it may, as the leather was not delivered agreeably to the undertaking, the right of election, on the part of the defendants, ceased. It would be, indeed, a most singular construction of this agreement, to allow the defendant to omit the payment of both the money or the leather at the time, and then to demand an abatement of the debt, on the ground that he might have furnished leather at a lower price. There is no mutuality in such a construction of the instrument, and certainly as little equity.

The defendants had their option to pay the money or the leather at the stipulated time and place. If the leather had been legally tendered, and refused without an adequate reason, the consequences would have rested on the plaintiffs, and by pursuing a proper course, the right to bring this action would have been defeated. The parties have made their own contract; they have expressed it in their own words, and the language admits of a legal and explicit construction; the court have no authority to alter its terms and create an obligation to which no assent was ever given.

It would be almost superfluous to cite authorities to warrant so reasonable a rule of construction as we have given; but there is a short report of a case in *Bro. Abr. title Debt, pl.* 159, so perfectly analogous that we may refer to it as

authoritative. One had undertaken to pay £20, or deliver twenty bales of wool. The obligee demanded the money, and it was held that before the day fixed for payment, the obligor had his election to pay either ; after the day, without any tender being made, the obligee might demand the money. The principles of the cases are precisely similar. There are no grounds of reason or equity, nor any principle of law on which this application for an abatement can be supported. The evidence, therefore, on this point also was properly overruled, and there must be

Judgment for the plaintiffs.